UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: <br><br> EVAN MICHAEL AUSBROOKS and KAYLA MARIE AUSBROOKS, <br><br> Debtors. | Case No. 24-00250-JJG-7 |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
WITH A TEMPORARY BAR TO REFILING**

Nancy J. Gargula, United States Trustee, by Harrison E. Strauss, Trial Attorney, respectfully requests that the Court issue an order dismissing the above captioned case with a temporary bar to refiling. In support of such request the United States Trustee states and alleges as follows:

1.      Evan Michael Ausbrooks and Kayla Marie Ausbrooks ("Debtors") filed a *pro se* petition for relief under chapter 7 of the United States Bankruptcy Code ("Current Case") on January 19, 2024.

2.      The Current Case represents the third *pro se* case filed by Debtors in the past nine months.

3.      The Debtors failed to file their *Statement of Current Monthly Income* (Form 122A); *Debtor's and Joint Debtor's Pay Advices or Statement in Lieu*; *Statement of Financial Affairs with Declaration*; *Summary of Assets and Liabilities and Certain Statistical Information with Declaration*; *Schedules A/B through J with Declaration*; and *Verification of Creditor List* with their petition ("Incomplete Filings").

1

4. The Incomplete Filings were due on or before February 2, 2024. To date, the Incomplete Filings have still not been filed with the Court.

5. The Debtors also filed an *Application to Pay Filing Fee in Installments* (Current Case Docket No. 5), however such application was denied by the Court (Current Case Docket No. 12), and the full filing fee is due on or before February 14, 2024.

6. To date, no part of the chapter 7 fee has been paid in the Current Case.

### First Case

7. Debtors filed their first case on May 17, 2023, under chapter 13 in the Indianapolis Division as case number 23-02100-JMC-13 ("First Case").

8. At the time of filing of the First Case, the Court issued a deficiency notice that indicated that Debtors were required to file various required documents by May 31, 2023.

9. Debtors failed to timely file the required documents and the case was dismissed by the Court on June 2, 2023. (First Case Docket No. 16).

10. The Debtors filed an A*pplication to Pay Filing Fee in Installments* (First Case Docket No. 2) which was granted by the Court, however no portion of the chapter 13 filing fee was paid in the First Case.

### Second Case

11. Debtors filed their second case on September 14, 2023, under chapter 7 in the Indianapolis Division as case number 23-04080-JMC-7 ("Second Case").

12. At the time of filing of the Second Case, the Court issued a deficiency notice that indicated that Debtors were required to file various required documents by September 28, 2023.

13. Debtors failed to timely file the required documents and the case was dismissed by the Court on October 2, 2023. (Second Case Docket No. 18).

14. The Debtors filed an A*pplication to Pay Filing Fee in Installments* (Second Case Docket No. 3) which was granted by the Court, however no portion of the chapter 7 filing fee was paid in the Second Case.

## Argument

15. In all three of their recent bankruptcy filings, Debtors have failed to file, within fifteen days, the information required by 11 U.S.C § 521.

16. The Debtors actions in filing three successive incomplete and deficient bankruptcy cases and then making no attempt to cure such deficiencies represents a lack of good faith in the use of the bankruptcy process.

17. In addition, these incomplete filings, made without payment of a filing fee, cause an undue burden on the courts, Clerk's Office, and case trustees in administrative work when the Debtors have no real intention of availing themselves of the bankruptcy process.

18. Pursuant to 11 U.S.C. §§ 105(a), 707(a), and 349(a), the Court can dismiss a case for "cause" and bar a debtor from refiling for a period of time, or permanently, if warranted. Cause for dismissal includes lack of good faith in the filing of a case as demonstrated by the totality of the circumstances of the

3

case. See *In re Love*, 957 F.2d 1350, 1355-1357 (7th Cir. 1992); *Colonial Auto Ctr. v. Tomlin* (In re Tomlin), 105 F.3d 933, 937 (4th Cir. 1997).

      19.    The Debtors' lack of good faith in filing these three bankruptcies cases is grounds for dismissal with a temporary bar to refiling.

      WHEREFORE, the United States Trustee respectfully requests this Court dismiss this case with a temporary, 1 year, bar to refiling, and grant such further relief as is just and proper.

      Respectfully submitted,

      NANCY J. GARGULA
      UNITED STATES TRUSTEE

      By: /s/ Harrison E. Strauss
      Harrison E. Strauss
      Trial Attorney
      Office of the United States Trustee
      Birch Bayh Federal Building
      United States Courthouse
      Indianapolis, IN 46204
      P: 317-226-6101
      F: 317-226-6356
      Harrison.Strauss@USDOJ.GOV

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2024, a copy of the foregoing UNITED STATES TRUSTEE'S MOTION TO DISMISS was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Joanne B. Friedmeyer    trustee@friedmeyerlaw.com

      I further certify that on February 6, 2024, a copy of the foregoing UNITED STATES TRUSTEE'S MOTION TO DISMISS was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Evan Michael Ausbrooks
743 Moultrie Dr
Indianapolis, IN 46217

Kayla Marie Ausbrooks
743 Moultrie Dr
Indianapolis, IN 46217

                                                             By:/s/ Harrison E. Strauss
                                                             Harrison E. Strauss
                                                             Trial Attorney